

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ANTHONY MCCLANAHAN, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HAROLD CLARKE, ) <br> Defendant. ) | Civil Action No. 7:13-cv-00463 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Michael Anthony McClanahan, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff sues Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"), because the VDOC is incarcerating him pursuant to two convictions from the Circuit Court of Buchanan County that Plaintiff believes are void. Plaintiff seeks $5,000,000 and his immediate release because Clarke refuses to immediately release Plaintiff despite the "void" judgments.

I dismiss this action without prejudice as frivolous for pursuing indisputably meritless legal theories.[1] See, e.g., Neitzke v. Williams, 490 U.S. 319, 327 (1989). It is well settled that an inmate's sole remedy in federal court to request a speedier release from custody is a properly filed habeas petition.[2] See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that a writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). It is also well settled that a § 1983 claim cannot succeed where a judgment in the inmate's favor would necessarily demonstrate the invalidity of confinement. Heck v. Humphrey, 512 U.S. 477, 486-88 (1994).

---

[1] Although I liberally construe pro se complaints, I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

[2] Plaintiff's petition for a writ of habeas corpus is pending before this court in McClanahan v. Director of the Department of Corrections, No. 7:13-cv-00244.

Awarding Plaintiff $5,000,000 for his alleged unlawful confinement would require finding the judgments to be void. Accordingly, Plaintiff pursues indisputably meritless legal theories to recover money and compel his release via 42 U.S.C. § 1983 while still incarcerated and without showing favorable termination of the criminal proceedings. See id. at 487 (noting favorable termination is when the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or a federal court).

**ENTER**: This 31st day of October, 2013.

Senior United States District Judge